FAIRCHILD, Senior Circuit Judge,
dissenting in part. ■
Twenty-four million dollars ($24 million) is, indeed, a big number. It is, however, only 10% of the profit realized by Quaker out of the product it marketed by using STW’s mark. We are affirming the finding that Quaker used the mark in bad faith. The real question, it seems to me, is one of causation. What portion of Quaker’s profit resulted from its use of THIRST AID, and therefore constituted unjust enrichment? I am unable to say that the district court’s estimate of 10% was unreasonable or clearly erroneous. Quaker made no showing that it should have been a different number. The 90% ($216 million) of profit which Quaker retains is no paltry reward for everything it contributed to the success of the venture.
Therefore, I respectfully dissent from the decision to reverse the award.
ORDER
Nov. 25, 1992.
As Amended Nov. 30, 1992.
On consideration of the petition for rehearing and suggestion for rehearing en banc filed in the above-entitled cause, no judge in active service * has requested a voté thereon, and all of the judges on the original panel have voted to deny a rehearing. Accordingly,
IT IS ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.

 Honorable Walter J. Cummings did not participate in consideration of this petition.